UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLOYD ROBERT THOMAS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>B. STRINGER,<br><br>　　　　Defendant. | No.  1:22-cv-00174 KES GSA (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING ACTION FOR FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH A COURT ORDER<br><br>Doc. 13 |

Plaintiff, a state prisoner proceeding pro se, filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Plaintiff paid the filing fee on March 16, 2022. *See* docket. On December 1, 2023, the Court issued an order notifying plaintiff of the reassignment of his case. Doc. 11. The reassignment order was later returned to the Court as "Undeliverable, Inactive, Return to Sender, Refused, Unable to Forward." *See* docket. On account of the returned mail, the magistrate judge directed plaintiff to file a notice of change of address. Doc. 12. The order was returned as "Undeliverable, Not as CSATF."[1] *See* docket. On February 23, 2024, the magistrate judge

---

[1] Local Rule 182(f) provides that, absent notice of a change of address, "service of documents at the prior address of the . . . pro se party shall be fully effective."

1

issued findings and recommendations recommending dismissal for failure to prosecute and failure to obey a court order.  Doc. 13.  The findings and recommendations were served on plaintiff and contained notice that any objections were to be filed within fourteen days of service.  *Id.* at 1, 3.  The findings and recommendations were returned to the Court as "Undeliverable, Refused."  *See* docket.  Plaintiff did not file any objections within the required timeframe and the time to do so has passed.  Subsequently, on March 14, 2024, the Court issued another case reassignment order, which was returned indicating it was "Undeliverable, Deceased, Not at CSATF/SP Corcoran."  Doc. 14; *see* docket.

In accordance with the provisions of 28 U.S.C. § 636(b)(1), the Court has conducted a de novo review of this case.  Having carefully reviewed the file, the Court finds the findings to be supported by the record.  Dismissal is warranted under the factors identified by the Ninth Circuit in *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) and *Pagtalunan v. Galaza*, 291 F.3d 639, 641 (9th Cir. 2002).  The Court considers the following factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the availability of less drastic alternatives; and (5) the public policy of favoring disposition of cases on their merits."  *Ferdik*, 963 F.2d at 1260–61.  The first factor is met as "[t]he public's interest in expeditious resolution of litigation always favors dismissal."  *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999).  Next, the Court's need to manage its docket also favors dismissal.  *See Ferdik*, 963 F.2d at 1261.

The third factor also favors dismissal.  While "[l]imited delays and the prejudice to a defendant from the pendency of a lawsuit are realities of the system that have to be accepted," courts also relate the "risk of prejudice to the plaintiff's reason for defaulting."  *Yourish*, 191 F.3d at 991 (citations omitted).  Here, plaintiff appears to be deceased, and the Court lacks personal jurisdiction over the defendant and has no reasonable prospect of acquiring jurisdiction.

The fourth factor—the availability of less drastic sanctions—also weighs in favor of dismissal because there are no feasible alternatives.  "The district court need not exhaust every sanction short of dismissal before finally dismissing a case but must explore possible and meaningful alternatives."  *Henderson*, 779 F.2d at 1424.

Although Federal Rule of Civil Procedure 25 permits a decedent's successor or representative to file a motion for substitution within ninety days of service of a statement noting the death, adherence to this procedure is not feasible in this case. To trigger the ninety-day period for filing a motion for substitution, the suggestion of death must be served upon a non-party successor or representative of the deceased party in accordance with Rule 4. *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994). The burden of serving successors or representatives is placed on the "suggesting" party. *Id.* at 233. There is no "suggesting party" in this case; plaintiff's death has come to the Court's attention through a notice on the returned envelope. *See* docket. Because this matter has not yet been screened, the defendant has not been served or formally appeared in this action and the Court lacks personal jurisdiction over the defendant. Additionally, there has not been any determination as to whether the complaint alleges viable claims against the defendant. *See O'Neal v. Price*, 531 F.3d 1146, 1151 (9th Cir. 2008) (prisoner complaint deemed filed only after court identifies cognizable claims). As there is no party before the Court who could identify successors or representatives of the deceased plaintiff and effectuate service of a statement noting death, the fourth factor—lack of meaningful alternatives—weighs in favor of dismissal.[2]

The fifth factor ordinarily weighs against dismissal, as public policy favors deciding cases on the merits, but it does not outweigh the other factors. Therefore, dismissal of this action is warranted.

///
///
///
///
///

---

[2] *See Irby v. Naranjo*, No. 2:21-cv-01039-KJM-JDP (PC), 2022 WL 224257, at *1 n.1 (E.D. Cal. Jan. 25, 2022), *report and recommendation adopted*, No. 2:21-cv-01039-KJM-JDP (PC), 2022 WL 584213 (E.D. Cal. Feb. 25, 2022) (dismissal without prejudice for failure to prosecute appropriate where Court was notified of plaintiff's death by party named as defendant but who had not yet been served or appeared in action).

Accordingly, IT IS ORDERED that:

   1. The findings and recommendations issued February 23, 2024 (ECF No. 13), are ADOPTED IN FULL;

   2. This matter is DISMISSED without prejudice for failure to prosecute and for failure to obey a court order. See Fed. R. Civ. P. 41(b); Local Rule 110, and

   3. The Clerk of Court is directed to CLOSE this case.

IT IS SO ORDERED.

Dated: January 20, 2025

UNITED STATES DISTRICT JUDGE

4